AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Brandon Jones<br><br>―――――――――――――――<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>24- **362 M** |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 30, 2024_____ in the county of _____New Castle_____ in the _____ District of _____Delaware_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) | Possession of Child Sexual Abuse Material |

FILED

OCT 3 0 2024

This criminal complaint is based on these facts:

See attached affidavit

U.S. DISTRICT COURT DISTRICT OF DELAWARE

☑ Continued on the attached sheet.

/s/ Sean Downey
―――――――――――――――
*Complainant's signature*

Sean Downey, Special Agent, HSI
―――――――――――――――
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed R. Crim. P.4.1 and 4(d).

Date: _/0/30/24_

―――――――――――――――
*Judge's signature*

City and state:          Wilmington, DE

Hon. Laura D. Hatcher, U.S. Magistrate Judge
―――――――――――――――
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff | : | |
| v. | : | Criminal Action No. 24- 362 M |
| | : | |
| BRANDON JONES, | : | |
| | : | |
| Defendant. | : | |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Sean Downey, a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), Dover, Delaware office, being duly sworn, depose and state as follows:

**INTRODUCTION**

1. I am a Special Agent with HSI and have been so employed since 2010. I am currently assigned as the HSI Resident Agent in Dover, Delaware and am additionally assigned to the Delaware Child Predator Task Force (DCPTF), which includes the Internet Crimes Against Children Task Force. I have extensive experience in numerous investigative disciplines to include international trafficking of military-grade exports, child exploitation, cyber-based investigations, financial crimes, identity theft, narcotics investigations, and fraud. I have significant experience as both a primary case agent and undercover operative in counter proliferation, online and darknet-related investigations. I have directed multi-agency, classified-level investigations spanning many countries across multiple continents that required coordination across several international entities

1

and U.S. Department of Defense Unified Combatant Commands. I have directed investigations involving multiple foreign government entities and international organizations, including INTERPOL, among others. In addition, I have directed and coordinated dozens of international investigations focused on foreign-based transnational criminal organizations engaged in human trafficking, child exploitation, child pornography, and human smuggling. I have received substantial training related to counter-proliferations, child exploitation, narcotics trafficking, cryptocurrency analysis, darknet vendors, cyber smuggling, undercover operations, illicit procurement networks, interviewing techniques, surveillance and counter-surveillance techniques, and multiple other criminal investigator-related facets. I have been assigned to the HSI Dover since 2018. Prior to my assignment in Dover, I was assigned to HSI San Diego, California. Prior to my career as a HSI Special Agent, I was a federal law enforcement officer for approximately three years and was assigned to posts in Florida and Washington, D.C.

2.      As a federal agent, I am authorized to investigate violations of laws of the United States, including Title 18, United States Code, Section 2252(a)(4)(B) (Possession of Child Pornography) and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3.      The facts in this affidavit come from my own personal observations, training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter. I have not, however, knowingly withheld any fact necessary to a determination of probable cause.

4.      I am the case agent assigned to the investigation of Brandon Jones ("JONES"), whom the government is investigating for crimes involving the possession of child sexual abuse

2

material ("CSAM"), which includes child pornography as defined in 18 U.S.C. § 2256(8). The investigation concerns violations of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2) (Possession of Child Pornography). In this affidavit, I set forth facts sufficient to show probable cause to believe that on October 30, 2024, in the District of Delaware, JONES possessed numerous videos and images containing CSAM on his cellular phone.

## PROBABLE CAUSE

5.      On October 28, 2024, Your Affiant obtained search warrants for JONES' residence, person, and vehicle. The search warrants were issued by the Honorable Laura D. Hatcher, United States Magistrate Judge for the District of Delaware.[1] The warrants and corresponding affidavits are incorporated herein.

6.      The warrants were based on JONES' attempts to download CSAM from an undercover HSI-controlled website link in April and May 2024. JONES accessed the HSI-controlled link via Application A, a social media website that HSI identified as a hub for individuals to exchange child pornography.

7.      By clicking on the link and attempting to download CSAM, JONES' IP address information was captured by HSI. That IP information lead HSI to JONES' residence in Wilmington, Delaware.

8.      JONES was known to law enforcement based on a 2016 investigation into JONES for online CSAM-related activities. As a result of that investigation, JONES was convicted of violating Title 11, Delaware Code, Section 1109 – Dealing in Child Pornography. He served approximately 13 days in jail.

---

[1] Case Nos. 24-357M, 24-358M, and 24-359M.

3

9.    HSI special agents executed the aforementioned search warrants on October 30, 2024. Agents waited until JONES left his house for work and then conducted a traffic stop of his vehicle. JONES was taken into custody and his vehicle searched. Agents seized one cell phone belonging to JONES from the vehicle.[2]

10.    HSI Special Agent Marqui Brockenbrough conducted a forensic preview of JONES' cell phone pursuant to the search warrant. SA Brockenbrough immediately observed CSAM contained in the photo album on JONES' phone. Your Affiant later viewed the CSAM identified by SA Brockenbrough and confirmed that the material constitutes CSAM. Below are examples of a few of the media files that were located on JONES' cellular phone:

a.    File name "2_3648361062234308066.temp_v2.mp4" is a video file approximately two minutes and 55 seconds in duration. The video file depicts an adult male sexually assaulting an infant male. The adult offender removes the infant's diaper and manually manipulates the infant's penis. The adult male then takes his own erect penis and touches it to the infant's penis. The adult male ejaculates onto the infant's penis and inside the diaper.

b.    File name "~4634797948684662433_227072607.jpg" is an image file. The image depicts a fully nude boy, approximately ten years of age. The child's legs are spread open, providing a clear view of his penis; the child's penis appears to be wrapped in an electrode-based device. The child's hands are behind his body and his eyes are blindfolded.

c.    File name "~5572207297274392830_230072322.jpg" is an image file. The image depicts a fully nude boy, approximately eight years of age. The child's legs are spread wide with his hips thrusted forward and his penis touching the floor in front of him.

11.    Your Affiant conducted a Mirandized interview of JONES in which he admitted that the phone was his and admitted that he viewed his CSAM collection as recently as Monday,

---

[2] The phone was technically on JONES' person at first, but fell into the vehicle when JONES stepped out of the vehicle.

4

October 28, 2024. JONES further acknowledged his 2016 conviction for dealing in child pornography and admitted that he again began viewing CSAM immediately after his state sentence concluded—and that he has continued to download and view CSAM on a regular basis.

12.     JONES stated that he purchased his phone in late September 2024, which was corroborated by both the forensic examination of the phone and Verizon Wireless paperwork located in JONES' bedroom. JONES admitted to destroying his old phone instead of trading it in. Thus, it appears that all CSAM on the device was accrued within the last six weeks.

## CONCLUSION

13.     Based on the facts set forth herein, there is probable cause to believe that JONES, while at his home and in his car in the District of Delaware, possessed child sexual abuse material, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2). I therefore respectfully request the court issue a complaint against JONES for the alleged offense.

Respectfully submitted,

/s/ Sean Downey
Special Agent Sean Downey
Homeland Security Investigations

Sworn to me over the telephone and signed by me pursuant to
Fed. R. Crim. P. 4.1 on this 30th day of October 2024.

THE HONORABLE LAURA D. HATCHER
UNITED STATES MAGISTRATE JUDGE

5