USAO Rev. 04/24

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff : | |
| v. : | Criminal Action No. 24-108-GBW |
| BRANDON JONES, : | |
| Defendant. : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Shannon T. Hanson, Acting United States Attorney for the District of Delaware, and Briana Knox, Assistant United States Attorney, and the defendant, Brandon Jones, by and through his attorney, Conor Wilson, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to: Count One of the Superseding Information, which charges the defendant with Importation of Obscene Matters, in violation of Title 18, United States Code, Section 1462(b).

2. The defendant understands that the maximum penalties for Count One are five years of imprisonment; a $250,000 fine; three years of supervised release; restitution; and a $100 special assessment.

3. The defendant understands that if there were a trial with regard to Count One, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant knowingly used an interactive computer service to transport certain articles in interstate commerce, as charged; (2) the defendant knew, at the time of such transportation, the general

nature of the content of the articles; and (3) the articles were any obscene, lewd, lascivious, or filthy phonograph recording, electrical transcription, or other article or thing capable of producing sound. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One.

4. The defendant is pleading guilty to Count One because he is, in fact, guilty.

5. At or around the time of sentencing, the government will move to dismiss the Indictment in this case (D.I. 12). The defendant waives the statute of limitations as to any counts to be dismissed under this agreement and agrees that if the defendant withdraws from, or successfully challenges, the guilty plea entered under this agreement, or if any counts are otherwise reinstated under the terms of this agreement, neither the statute of limitations nor the Double Jeopardy Clause will bar prosecution on any such count or counts.

6. Pursuant to Section 6B1.4 of the November 1, 2024, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

    a. The cross-reference listed in U.S.S.G. § 2G3.1(c)(1) applies in this case. The parties thus agree that the applicable guideline section is U.S.S.G. § 2G.2.2.

    b. The base offense level is 22, pursuant to U.S.S.G. § 2G.2.2(a)(2).

    c. The base offense level is decreased by two because the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor and the defendant did not intend to traffic in, or distribute, such material, pursuant to U.S.S.G. § 2G.2.2(b)(1).

  d.  The offense level is increased by two because the material involved a prepubescent minor, pursuant to U.S.S.G. § 2G.2.2(b)(2).

  e.  The offense level is increased by four because the material involved the sexual exploitation of an infant or toddler, pursuant to U.S.S.G. § 2G.2.2(b)(4).

  f.  The offense level is increased by two because the material involved the use of a computer, pursuant to U.S.S.G. § 2G.2.2(b)(6).

  g.  The offense level is increased by five because the material involved at least 600 images, pursuant to U.S.S.G. § 2G.2.2(b)(7)(D).

  h.  Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level pursuant to U.S.S.G. § 3E1.1(a).  Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, cross-references, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may

3

make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

7. Defendant agrees not to seek a sentence that is less than 60 months' incarceration.

8. The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

9. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

10. The defendant agrees to forfeit pursuant to 18 U.S.C. § 1467 any and all interests in any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, or that was used or intended to be used to commit or promote the commission of the offense, including any obscene material produced, transported, mailed, shipped, or received as part of the offense, including but not limited to a Samsung SM-A546V that is currently in the custody of law enforcement. The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or

federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

11. In exchange for the promises made by the government in entering this plea agreement, the defendant knows that he has, and voluntarily and expressly waives, the right to appeal or collaterally attack his conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. Notwithstanding the foregoing, the defendant reserves the right to (1) file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (2) appeal his sentence if: (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the District Court imposes an "upward variance" above the final Sentencing Guideline range that it determines at sentencing.

12.     The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Count One, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

13.     This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

14.     The defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to Title 18, United States Code, Section 3583(d) and pursuant to 34 United States Code, Sections 20911 - 20932. The defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current and shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Delaware following release from prison, the defendant will be subject to the

6

registration requirements of the State of Delaware. The defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

15. As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in Delaware, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

16. The defendant acknowledges that the possession and dissemination of child pornography causes further harm to the children depicted in those images. *See Paroline v. United States*, 134 S.Ct. 1710 (2014) and *New York v. Ferber*, 458 U.S. 747 (1982). Thus, the defendant acknowledges that the minors depicted in the images he possessed were harmed as a result of his own criminal conduct. The defendant understands that: (1) pursuant to Title 18, United States Code, Section 2259, the Court is required to order restitution for the full amount of all identified victims' compensable losses as may be proved by the United States by a preponderance of the evidence or stipulated to by the parties; (2) the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to receive, compensation for their injuries from the proceeds of insurance or any other source; and (3) an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's

guilty plea. The defendant agrees to comply with any and all restitution ordered by the Court at the time of sentencing.

17. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

_____
Conor Wilson, Esquire
Attorney for Defendant

SHANNON T. HANSON
ACTING UNITED STATES ATTORNEY

By: _____
Briana Knox /MCR
Assistant United States Attorney

_____
Brandon Jones, Defendant

Dated: 5/8/2025

**AND NOW**, this 8th day of May, 2025, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

8